FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 12, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JEREMY JOHN GILBERT,<br><br>Defendant. | NO: 2:20-CR-154-RMP-1<br><br>ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE |

BEFORE THE COURT, without oral argument, is Defendant Jeremy John Gilbert's *pro se* Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, ECF No. 86, and the Government's Motion for Waiver of Attorney-Client Privilege Necessary to Respond to Claims of Ineffective Assistance of Counsel Pursuant to 28 U.S.C. § 2255, ECF No. 95. Defense Counsel David R. Partovi filed a Notice of Objection to United States' Motion, ECF No. 97, and the Government replied, ECF No. 98. The Court has reviewed the motions, the record, the relevant law, and is fully informed.

## BACKGROUND

On November 3, 2020, a grand jury charged Defendant with being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) and

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 1

Possession with Intent to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). ECF No. 1. On August 26, 2021, Defendant, who was then represented by David R. Partovi, entered a plea of guilty to Count Two: Possession with Intent to Distribute 50 Grams or More of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii). ECF No. 48. In Defendant's plea agreement, he agreed that the maximum statutory penalty for the offense was "not less than 5 years nor more than 40 years of incarceration." ECF No. 48 at 2. The Government and Defendant did not agree on the Base Offense Level, but Defendant acknowledged that the Government would recommend a Base Offense Level of 32. *Id*. at 6. Defendant and the Government agreed to recommend one 2-level enhancement because Defendant possessed a dangerous weapon, and a second 2-level enhancement because Defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer. *Id*. at 6–7. The plea agreement provided that the Government would move for a three-level downward adjustment in the offense level if Defendant met the requirements for acceptance of responsibility. *Id*. The plea agreement stated that Defendant's Criminal History Category would be determined by the Court at sentencing after the Presentence Investigation Report was completed. *Id*. Defendant agreed that the Government would "recommend a sentence within the advisory guideline range" and Defendant was "free to recommend any legal sentence." *Id*. at 8. The agreement included that Defendant waived his right to

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 2

appeal his sentence if the Court sentenced Defendant to not more than 240 months of incarceration.  *Id*. at 9.  Defendant also waived his right to file any post-conviction motion, except one claiming ineffective assistance of counsel "based on information not known by the Defendant, and which, in the exercise of due diligence, could not be known by the Defendant by the time the Court imposes sentence."  *Id*.

At Defendant's change of plea hearing on August 26, 2021, when asked by the Court if he was satisfied with the advice that Mr. Partovi had given him, Defendant responded, "Yes."  ECF No. 81 at 3.  The Court stated: "If you decide to plead guilty to [possession with intent to distribute 50 grams or more of methamphetamine], you would be facing a sentence of no less than five years and up to a maximum of 40 years of incarceration.  Do you understand?"  *Id*. at 4.  Defendant responded, "Yes, I do."  *Id*.  The Court continued, "This plea agreement is an agreement between you and the Government.  I'm not a party to the plea agreement, so if I do not sentence what the parties have indicated, that would not be a basis for you to withdraw your plea."  *Id*. at 5.  Defendant again stated that he understood.  *Id*.  The Court initially stated that the Base Offense Level would be 32, and Mr. Partovi clarified for the Court that the Base Offense Level was going to be "subject to some contest . . . at the time of sentencing."  *Id*. at 9–10.  The Court then stated:

> And then at the time of sentencing, I will determine what is the appropriate sentencing level by the guidelines and then what the appropriate sentence is.  So Mr. Partovi is correct that he can make

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 3

1
2
      recommendations that it's a lesser base offense level.  This is what the plea agreement anticipates the Government will present, and then at the time of sentencing it will be based on what I determine.

3    *Id.* at 10.  Defendant again stated that he understood.  *Id.*  Finally, when asked if he

4    had been promised anything other than what had been discussed during the hearing

5    to induce him to plead guilty, Defendant stated no.  *Id.* at 12.  Defendant proceeded

6    to plead guilty.  *Id.* at 13.

7          The United States Probation Office then filed a draft Presentence Investigation

8    Report, in which it calculated the Base Offense Level at 30 based on Defendant's

9    possession of more than 50 grams but less than 150 grams of pure

10   methamphetamine.  ECF No. 53 at 8.  Mr. Partovi filed an objection to this report,

11   arguing that Defendant's Base Offense Level should be based on a mixture of

12   methamphetamine, rather than pure methamphetamine.  ECF No. 56.  Mr. Partovi

13   argued that the disparity in guideline sentences for mixture amounts compared to

14   pure amounts of methamphetamine is not empirically based and is fundamentally

15   unfair to Defendant, who accepted responsibility for a mixture amount but who was

16   then facing a sentence based on a purity amount.  *Id.*

17         Defendant's sentencing hearing occurred on May 11, 2022.  At the hearing,

18   the Court asked Defendant if he had read the Final Presentence Investigation Report,

19   ECF No. 66, and the Second Addendum to that report, ECF No. 65, both filed on

20   February 9, 2022.  ECF No. 82 at 2.  Defendant stated that he had read them.  *Id.*

21   Defendant also confirmed that he had reviewed the defense's objections to the draft

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 4

presentence investigation report, the defense's sentencing memorandum, a supplemental statement from Defendant's mother, and the Government's response to the defense's sentencing memorandum. *Id*. at 2–3. The Court overruled Mr. Partovi's argument regarding the Base Offense Level, found that the Total Offense Level was 33, and the sentencing range, per the sentencing guideline provisions, was 188 to 235 months of incarceration. *Id*. at 3–5. Mr. Partovi then read aloud a letter written by Defendant in which Defendant wrote "I understand what I did was not acceptable, and there has to be consequences to my actions, and I stand before you today ready to accept the judgment that must be passed down in order to ensure the public is protected and the law is enforced." *Id*. at 17. The Court imposed a sentence of 187 months of imprisonment, to be followed by four years of supervised release. ECF No. 72. Count One was dismissed at sentencing. *Id*.

Defendant appealed his conviction and sentence, alleging ineffective assistance of counsel, which was denied by the Ninth Circuit. ECF No. 84. Defendant did not file a petition for certiorari in the Supreme Court. ECF No. 86 at 11. On January 29, 2024, Defendant filed a motion under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. ECF No. 86. The Court ordered the Government to respond, and, in lieu of a response, the Government filed a Motion to Dismiss Defendant's motion. ECF No. 91. The Court denied the Government's motion and ordered the Government to file a substantive response to Defendant's motion, ECF No. 93. The Government then filed a Motion for Waiver of Attorney-Client

Privilege Necessary to Respond to Claims of Ineffective Assistance of Counsel Pursuant to 28 U.S.C. § 2255. ECF No. 95. Defense Counsel David R. Partovi filed a Notice of Objection to United States' Motion. ECF No. 97. The Government replied to Mr. Partovi's declaration, arguing that the declaration sufficiently discredits Defendant's claim of ineffective assistance of counsel and that the Court should rule in favor of the Government without requiring additional evidence or briefing. ECF No. 98.

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). The claimed error must be "a fundamental defect which inherently results in a complete miscarriage of justice." *Davis v. United States*, 417 U.S. 333, 346 (1974) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)). Moreover, a § 2255 motion must allege specific facts which, if true, would entitle a defendant to relief. *United States v. Rodrigues*, 347 F.3d 818, 824 (9th Cir. 2003).

Under § 2255, a district court must grant a hearing to determine the validity of a petition, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Hearst*, 638 F.2d

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 6

1   1190, 1194 (9th Cir. 1980).  To necessitate a hearing, the movant must state a claim

2   upon which relief could be granted.  *Id*. (citing *Moore v. United States*, 571 F.2d

3   179, 184 (3rd Cir. 1978)).  An evidentiary hearing is not required when the issue of

4   credibility can be "conclusively decided on the basis of documentary testimony and

5   evidence in the record."  *United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir.

6   1988) (quoting *Watts v. United States*, 841 F.2d 275, 277 (9th Cir. 1988)).

7          To prevail on an ineffective assistance of counsel claim, a petitioner must

8   make two showings.  First, a petitioner must establish that counsel's performance

9   was deficient and fell below an "objective standard of reasonableness" under

10  prevailing professional norms.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

11  "Counsel has a duty to make reasonable investigations or to make a reasonable

12  decision that makes particular investigations unnecessary."  *Id.* at 691.  Second, a

13  petitioner must establish prejudice.  To establish prejudice, a petitioner must show

14  that there is a reasonable probability that, but for counsel's unprofessional errors, the

15  result of the proceedings would have been different.  *Id.* at 694.  "A reasonable

16  probability is a probability sufficient to undermine confidence in the outcome."  *Id.*

17  "Judicial scrutiny of counsel's performance must be highly deferential," and "a court

18  must indulge a strong presumption that counsel's conduct falls within the wide range

19  of reasonable professional assistance."  *See id*. at 689; *Sanders v. Ratelle*, 21 F.3d

20  1446, 1456 (9th Cir. 1994).  For ineffective assistance of counsel claims stemming

21  from counsel's advice on pleading guilty, "a mere inaccurate prediction" of

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 7

Defendant's sentence is not ineffective assistance, but the "gross mischaracterization

of the likely outcome . . . combined with the erroneous advice on the possible effects

of going to trial, falls below the level of competence required of defense attorneys."

*Iaea v. Sunn*, 800 F.2d 861, 865 (9th Cir. 1986).

## DISCUSSION

Defendant asserts that he received ineffective assistance of counsel from his

attorney, David Partovi, due to Mr. Partovi allegedly promising to secure Defendant

a 60-month sentence and instead obtaining a sentence of 187 months.  ECF No. 86-2

at 4.  Defendant, originally represented by the Federal Defenders, states that he

initially was told by the Federal Defenders that he could obtain a plea deal for a 120-

month sentence.  *Id*.  Defendant claims that he was contemplating this deal when

another inmate suggested he reach out to Mr. Partovi.  *Id*.  Defendant contends that

Mr. Partovi convinced Defendant to terminate his representation by the Federal

Defenders and to reject the purported 120-month plea offer.  ECF No. 86-1 at 2.

Defendant alleges that Mr. Partovi told him that "he had a good case" and that Mr.

Partovi could get him a good deal "because he knew the prosecutor, and the Judge."

*Id*. at 33.  According to Defendant, Mr. Partovi offered his legal services, for a fee of

$10,000, and promised that he could secure a custodial sentence of 60 months or less

for Defendant.  *Id*. at 2.  Defendant coordinated for his mother and brother to meet

Mr. Partovi and pay his retainer.  ECF No. 86-2 at 4.

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 8

Defendant's mother, Kimberly Bepple, filed an affidavit in which she stated that Mr. Partovi was "absolutely sure" that Defendant would do less than five years in prison. ECF No. 86-2 at 10. She states that she paid Mr. Partovi $10,000 based on his advice that the maximum sentence Defendant would receive was five years. *Id*. Defendant's brother, Travis Gilbert, similarly filed an affidavit in which he states that Mr. Partovi told him that he could get Defendant less than a five-year sentence, and that Defendant would receive no more than five years. *Id*. at 13. He states that, had Mr. Partovi not told them that he could obtain a five-year sentence for Defendant, they would not have retained him and would have allowed Defendant to remain represented by the Federal Defenders. *Id*. at 14.

Defendant states that, after being paid his retainer, Mr. Partovi changed his promise from a 60-month sentence to a promise of a sentence within 84–105 months. ECF No. 86-1 at 33. Defendant expressed concern to Mr. Partovi that the suggested plea deal included several provisions of the U.S. Sentencing Guidelines that indicated a sentencing range of 151–188 months. ECF No. 86-2 at 5. However, Defendant states that Mr. Partovi continued to advise Defendant that "no matter what [the plea agreement] says," he would receive a sentence in the 84–105-month range. *Id*. Based on this advice, Defendant accepted the terms of the plea agreement. *Id*. at 6. Ultimately, this Court sentenced Defendant to 187 months. ECF No. 72. Defendant argues that Mr. Partovi performed deficiently by promising a sentence of 60 months, and then 84-105 months, and failing to deliver on either

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 9

1    promise.  Defendant argues that this deficient performance prejudiced him by 67

2    months, because it deprived him of the initial 120-month plea deal offered by the

3    Government.  ECF No. 86-1 at 6.

4        Mr. Partovi filed a declaration in which he states:

5        I have never in my entire career promised an outcome to a client.  That
         inability to guarantee an outcome is the very first term of my contract
6        and all of my private pay clients sign a contract.  Mr. Gilbert was a
         private pay client and was no exception to either of these two assertions.
7
     ECF No. 97 at 2.  Additionally, Mr. Partovi stated that he argued for a guideline
8
     range of 84–105 months for Defendant, Defendant stood beside Mr. Partovi while
9
     Mr. Partovi argued for such a sentence, and Defendant had Mr. Partovi read a
10
     statement into the record in which Mr. Gilbert accepted any sentence the Court
11
     deemed appropriate.  *Id*.
12
         The Government concedes that Defendant's motion is timely.  ECF No. 91 at
13
     3.  However, the Government contends that Defendant's § 2255 motion is both
14
     waived and substantively meritless.  ECF No. 98 at 5.  The Government states that
15
     Defendant's plea agreement "waived his right to bring any Section 2255 motion
16
     other than a claim of ineffective assistance of counsel that was both unknown to
17
     him, and unknowable to him in the exercise of due diligence, by the time of
18
     sentencing."  ECF No. 91 at 6.  The Government argues that, at the change of plea
19
     hearing, Defendant stated that he understood the terms of the waiver and voluntarily
20
     agreed to waive them.  *Id*.  Specifically, Defendant confirmed that he understood
21

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 10

"the nature of the charge against him, his rights, the elements of the charge, and the maximum possible penalties he faced." *Id*. at 6–7.  The Government further notes that this Court "confirmed that Defendant had sufficient time to review the plea agreement with counsel and Defendant confirmed that he was satisfied with the advice counsel had given him." *Id*. at 7.  Therefore, the Government argues, Defendant's argument regarding his counsel's ineffectiveness fails because "the Court properly advised Defendant at the change of plea hearing of his potential punishment and the fact that he was waiving future challenges to his conviction and sentence." *Id*.  The Government argues that Defendant fails to provide any information regarding his counsel's allegedly deficient performance that Defendant did not know or could not have known at the time of sentencing.  *Id*. at 9.

Additionally, the Government argues that Defendant's argument is meritless, because "Mr. Partovi's declaration directly controverts the statements of Defendant and his family, are credible and consistent with Mr. Partovi's long career of professional and highly-competent representation in this District, and are corroborated by the record in this case."  ECF No. 98 at 2.  The Government contends that the fact that Defendant did not "stand up" during his sentencing hearing and say "Your Honor, this man promised me 60 months!  I would never have pleaded guilty if I thought he was going to come in here seeking 84 months!" suggests that Mr. Partovi's account is more accurate than Defendant's.  *Id*. at 3.  The Government states that Mr. Partovi's account is supported by his contract with

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 11

Defendant, his experience and practice, Defendant's plea agreement and colloquy, and Defendant's sentencing hearing. *Id*. Additionally, the Government contends that Defendant's argument "belies common sense," particularly when considering Mr. Partovi's ethical obligations. *Id*. at 6.

The Court finds that the issue of credibility between Defendant and Mr. Partovi can be "conclusively decided" on the basis of the affidavits and declarations provided, along with the evidence in the record, and no hearing is required. *See Espinoza*, 866 F.2d at 1069. The Court is also entitled to use common sense to supplement and accompany the record. *See Shah v. United States*, 878 F.2d 1156, 1159 (9th Cir. 1989) (citing *Machibroda v. United States*, 368 U.S. 487, 495 (1962)).

Defendant's argument lacks credibility because it is contradicted by the record in a number of places. For example, in his motion, Defendant states that he did not personally view or have knowledge of the Second Addendum to the Presentence Investigation Report, ECF No. 65, or the Amended Presentence Investigation Report, ECF No. 66. ECF No. 86-1 at 15. However, when Defendant was directly asked whether he had read these documents at his sentencing hearing, he stated that he had. *See* ECF No. 82 at 2. Such statements made in open court carry "a strong presumption of verity" and are given substantial weight. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Kaczynski*, 239 F.3d 1108, 1115 (9th Cir. 2001). Defendant has provided no reason to discount his statements made in open

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 12

court, and the Court finds that Defendant's in-court statements discredit his current

allegations.

Additionally, while Defendant claims that he agreed to the terms of the plea

agreement based on Mr. Partovi's assurances that Defendant would receive a

sentence of 84–105 months, ECF No. 86-1 at 41, the Court reiterated during

Defendant's plea colloquy that the Court, not the parties, would decide Defendant's

sentence, and that Defendant would not be able to withdraw his plea based on the

sentence imposed. *See* ECF No. 81 at 4–13. At that time, Defendant had an

opportunity to clarify if he believed that he was entitled to a sentence of 84–105

months; Defendant did not raise such a belief and proceeded to enter a plea of guilty.

*Id*. at 13. Defendant also made no attempt to alter course between the change of plea

hearing and the sentencing hearing. During that time, the U.S. Probation Office

filed a Presentence Investigation Report outlining Defendant's criminal history, his

Base Offense Level, and the guideline range of 188–235 months. ECF No. 66.

Although Defendant stated during the sentencing hearing that he reviewed the

Presentence Investigation Report and Mr. Partovi's objections to the report,

Defendant made no indication that he was surprised by their contents or concerned

about their impact on his likely sentence. Common sense suggests that no one in

Defendant's position would have continued to believe the alleged promise of a

specific sentence in the face of the plea agreement and the Court's colloquy with

Defendant during his change of plea hearing. If Defendant had continued to believe

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 13

such a promise, this Court would expect that someone in Defendant's position would not have remained silent about the alleged promise, particularly considering the opportunities provided by the Court for Defendant to voice such concerns at both the plea and sentencing hearings.[1]

The Court also finds that it would be "highly unusual" for Mr. Partovi to have promised Defendant a specific sentence, particularly in light of the Court's own knowledge of Mr. Partovi's competence and experience.  *See Shah*, 878 F.2d at 1160.  Indeed, Mr. Partovi states that he has never promised an outcome to any client, and he requires all clients, including Defendant, to sign a contract acknowledging the inability to guarantee an outcome.  ECF No. 97 at 2. Considering Mr. Partovi's experience, competence, client contract, and ethical obligations to this Court, the Court finds Mr. Partovi's account credible.  Thus, the Court finds that, based on Defendant's motion, the affidavits filed by Defendant's mother and brother, the declaration filed by Mr. Partovi, Defendant's in-court

---

[1] The Court notes that the Government's argument regarding Defendant's failure to "stand up" during a hearing, interrupt his attorney, and speak directly to the Court to voice his concerns about his attorney's performance, *see* ECF No. 98 at 3, is not well taken.  It belies common sense for the Government to suggest that a Defendant would feel entitled to act in such a way during a court proceeding. However, the Court agrees with the Government's premise that Defendant's failure to speak up in any way at any point before receiving his sentence suggests that Defendant's argument is contradicted by the record.

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 14

statements, the remainder of the record, and common sense, the issue of credibility

can be conclusively decided in favor of Mr. Partovi.

Additionally, Defendant waived his ineffective assistance of counsel claim

because Defendant's plea agreement waived the right to file a post-conviction

motion "except one based upon ineffective assistance of counsel based on

information not known by the Defendant, and which, in the exercise of due

diligence, could not be known by the Defendant by the time the Court imposes

sentence." ECF No. 48 at 9. Defendant sat through the change of plea hearing,

listened to the Court explain his sentencing range and how his sentence would be

determined, and he proceeded to plead guilty. *See* ECF No. 81. Because the Court

repeatedly told Defendant that the Court, not Mr. Partovi, would determine

Defendant's sentence, Defendant's claim of ineffective assistance of counsel based

on Mr. Partovi's alleged promise of a certain sentence was known or could have

been known to Defendant by the time the Court imposed the sentence. Accordingly,

Defendant waived the right to file a post-conviction motion based on a purportedly

promised sentence.

Thus, Defendant has failed to show that he received ineffective assistance of

counsel, because he has not credibly demonstrated that Mr. Partovi promised a

"gross mischaracterization of the likely outcome." *See Sunn*, 800 F.2d at 865. Even

if Mr. Partovi did so promise, Defendant waived such a claim through his plea

agreement, because he could have known of the basis of such a claim prior to his sentencing.

### CONCLUSION

The Court finds that Defendant's argument that he was denied effective assistance of counsel is insufficient to require a hearing. *See Hearst*, 638 F.2d at 1194. Therefore, the Court denies Defendant's request for a hearing. Because the motion is unmeritorious, the Court denies Defendant's § 2255 motion.

An appeal of this Order may not be taken unless a circuit judge or district judge issues a certificate of appealability. 28 U.S.C. § 2253. A district court may only issue a certificate of appealability "if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. The Court finds that an appeal from this decision could not be taken in good faith; thus, there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence, **ECF No. 86**, is **DENIED**.

2. The Government's Motion for Waiver of Attorney-Client Privilege Necessary to Respond to Claims of Ineffective Assistance of Counsel Pursuant to 28 U.S.C. § 2255, **ECF No. 95**, is **DENIED AS MOOT**.

1    **IT IS SO ORDERED**.  The District Court Clerk is directed to enter this

2    Order and provide copies to counsel and to *pro se* Defendant and **close this case** and

3    civil case number **2:24-CV-24-RMP**.  A certificate of appealability will not be

4    issued as there is no basis that this Court identifies for a valid appeal.

5        **DATED** August 12, 2024.

6                                    *s/ Rosanna Malouf Peterson*
                                    ROSANNA MALOUF PETERSON
7                                    Senior United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

ORDER DENYING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 TO
VACATE, SET ASIDE, OR CORRECT SENTENCE ~ 17